■ The People of the State of New York, Respondent, v. Frederick Bell, Appellant.— Judgment affirmed. Memorandum: The defendant, a 20-year-old young adult received an indeterminate reformatory term not to exceed four years pursuant to section 75.00 of the Penal Law, upon his plea of guilty to two class "A" misdemeanors in satisfaction of an indictment charging him with burglary, third degree, and petit larceny. He challenges the right of the court to sentence him to a reformatory term absent a specific finding by the court that he is amenable to and a proper subject for such a term based upon evidentiary findings, following a post conviction hearing on this sole question. We find no such need therefor. The sentencing minutes reveal that the court was familiar with the defendant's record of "at least eleven reported brushes with the law as well as charges of desertion from the Armed Forces" and in imposing the reformatory term the court also stated to the defendant that "you may perhaps gain some benefit from the sentence which the Court is about to pronounce so that you can return to society in the future and become a useful citizen". In addition to the court's specific reference to the need for the reformatory treatment envisioned by the drafters of section 75.00 of the Penal Law, we take note of the statement by then Chief Judge Desmond in writing for an unanimous court in *People* v. *Wilson* (17 N Y 2d 40, 43) that "when the court imposes that type of [reformatory] sentence without any finding as to reformability there is a necessary implication from the sentence itself that reformation is possible". We also take note of the wide latitude granted to parole authorities in advance release programs. All concur, except Cardamone, J., who dissents and votes to reverse the judgment insofar as it sentences the defendant and to remit the matter for a hearing in accordance with the following memo-

randum: I dissent. The required finding (see *People* v. *Wilson*, 17 N Y 2d 40) by the sentencing court that the particular young adult is in need of and will in fact benefit from education, moral guidance, and vocational training to be made available to him during an indefinite reformatory sentence involves the resolution of "distinct issues" on which this defendant is entitled to reasonable notice, and an opportunity to be heard (*Specht* v. *Pattersen*, 386 U. S. 605; *People* v. *Bailey*, 21 N Y 2d 588; *Oyler* v. *Boles*, 368 U. S. 448). In my view the salutory rehabilitative purpose of the indeterminate sentence does not obviate the need for criminal due process safeguards (cf. *Matter of Winship*, 397 U. S. 358; *Matter of Gault*, 387 U. S. 1). The sentence should be vacated and the matter remitted for such a hearing. (Appeal from judgment of Wayne County Court, convicting defendant of criminal trespass, second degree, and petit larceny.) Present — Marsh, J. P., Witmer, Gabrielli, Cardamone and Henry, JJ.